## UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA
## EASTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE DAKOTAS AND WESTERN MINNESOTA ELECTRICAL INDUSTRY HEALTH AND WELFARE FUND,  <br><br>Plaintiff,  <br><br>vs.  <br><br>PRECISION MECHANICAL GROUP, INC., an Iowa Corporation,  <br><br>Defendant. | Case No.: 25-cv-  <br><br><br><br>**COMPLAINT** |

NOW COMES Plaintiff, the BOARD OF TRUSTEES OF THE DAKOTAS AND WESTERN MINNESOTA ELECTRICAL INDUSTRY HEALTH AND WELFARE FUND, by and through its counsel, JOHNSON & KROL, LLC, complaining of Defendant PRECISION MECHANICAL GROUP, INC. ("**Precision Mechanical**") and in support, alleges as follows:

### JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA") (29 U.S.C. §§ 1132 and 1145). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)) in that the Dakotas and Western Minnesota Electrical Industry Health and Welfare Fund ("**Health Fund**") is administered in Fargo, North Dakota. Therefore, pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in Eastern Division of the District of North Dakota.

## PARTIES

3. The **Health Fund** receives contributions from numerous employers pursuant to collective bargaining agreements entered into between Locals of the International Brotherhood of Electrical Workers ("IBEW") and chapters of the National Electrical Contractors Association ("NECA") and therefore is a multiemployer plan under Section 3(37)(A) of ERISA (29 U.S.C. § 1002(37)(A)).

4. Pursuant to Sections 502(a)(3) and 515 of ERISA (29 U.S.C. §§ 1132 and 1145), Plaintiff, the Board of Trustees of the **Health Fund**, is authorized to bring this action on behalf of its participants and beneficiaries for the purpose of collecting unpaid contributions. Plaintiff is a fiduciary under Section 3(21) of ERISA (29 U.S.C. § 1002(21)).

5. **Precision Mechanical** is an Iowa Corporation with its principal place of business in Keokuk, Iowa.

## COUNT I
## BREACH OF CONTRACT

6. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1-5 of this Complaint with the same force and effect as if fully set forth herein.

7. **Precision Mechanical** executed a Letter of Assent on March 26, 2018, whereby it agreed to be bound by the terms of the Inside Electrical Agreement negotiated between the Local Union No. 350 IBEW ("Union") and St. Louis Chapter, NECA, in effect at that time, and any subsequent agreements negotiated between the parties. (A copy of the Letter of Assent is attached as **Exhibit 1**).

8. Through the Letter of Assent, **Precision Mechanical** was bound to the Inside Electrical Agreement negotiated between the Union and St. Louis Chapter, NECA in effect from

    December 1, 2019, through November 30, 2022 (the "IEA"). (A copy of the 2019-2022 IEA is attached as **Exhibit 2**).

9. Through the IEA, **Precision Mechanical** agreed to be bound by the provisions of the Agreement and Declaration of Trust which created the **Health Fund** (hereinafter referred to as the "Trust Agreement").

10. Pursuant to the provisions of the IEA and the Trust Agreement, **Precision Mechanical** is required to make monthly reports of the number of hours worked by its electrician employees ("payroll reports") and pay contributions to the **Health Fund** for each hour that an electrician employee performs any work at the negotiated rate set forth in the IEA. The monthly payroll reports and contributions during all relevant times were due on or before the 15th day of the calendar month following the calendar month during which the work was performed. (**Exhibit 2**).

11. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132(g)(2)) and the provisions of the IEA and Trust Agreement, employers who fail to submit their monthly payroll reports and contributions to the **Health Fund** on a timely basis are responsible for the payment of liquidated damages equal to ten percent (10%) of the amount unpaid, plus interest at a rate established pursuant to IRC 6621 until the contributions are paid if they are not paid by the first day of the second month following the month in which the contributions were earned, and any reasonable attorneys' fees and costs of maintaining suit. (**Exhibit 2**).

12. A payroll compliance audit revealed that **Precision Mechanical** failed to pay $21,350.54 in contributions to the **Health Fund** for the months of August through November 2022, which is itemized as follows below:

| Month: | Contributions: |
|---|---:|
| Aug. 2022 | $165.90 |

| Month: | Contributions: |
|---|---|
| Sept. 2022 | $9,606.40 |
| Oct. 2022 | $6,067.20 |
| Nov. 2022 | $5,511.04 |
| **Total:** | **$21,350.54** |

(A copy of the payroll compliance audit for the period of August through November 2022 is attached as **Exhibit 3**).

13. As a result of **Precision Mechanical's** failure to timely remit payment of contributions for the months of August 2022 through November 2022, **Precision Mechanical** owes the **Health Fund** liquidated damages and interest through July 7, 2025, in the aggregate amount of $5,836.67, which is itemized as follows:

| Month: | Liquidated Damages: | Interest through 7/7/2025:* | Total: |
|---|---|---|---|
| Aug. 2022 | $16.59 | $25.27 | **$41.86** |
| Sept. 2022 | $960.64 | $1,418.59 | **$2,379.23** |
| Oct. 2022 | $606.72 | $1,215.93 | **$1,822.65** |
| Nov. 2022 | $551.10 | $1,041.83 | **$1,592.93** |
| | **$2,135.05** | **$3,701.62** | **$5,836.67** |

*Interest continues to accrue.*

14. **Precision Mechanical** has an ongoing obligation under the IEA to remit contributions on behalf of its electrician employees; accordingly, additional contributions, liquidated damages, and interest may become due and owing.

15. Plaintiff has been required to employ the undersigned counsel to collect the monies that are due and owing from **Precision Mechanical**.

16. **Precision Mechanical** is obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiff pursuant to the IEA, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiff respectfully requests:

A. That Judgment be entered in favor of Plaintiff and against **Precision Mechanical** in the amount of $21,350.54 for contributions owed for August 2022 through November 2022;

B. That Judgment be entered in favor of Plaintiff and against **Precision Mechanical** in the amount of $5,836.67 for liquidated damages and interest (calculated through July 7, 2025) owed for August 2022 through November 2022;

C. That Judgment be entered in favor of Plaintiff and against **Precision Mechanical** in an amount to be determined for additional interest accrued through the date of a judgment for the late payment of contributions in August 2022 through November 2022;

D. That Judgment be entered in favor of Plaintiff and against **Precision Mechanical** for any and all other contributions, liquidated damages, and interest found to be due and owing in addition to those referenced in Paragraphs A through C above;

E. That **Precision Mechanical** be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiff pursuant to the IEA, the Trust Agreement, and 29 U.S.C. § 1132(g)(2)(D); and

F. That Plaintiff have such other and further relief as the Court may deem just and equitable all at **Precision Mechanical**'s cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully Submitted,

**BOARD OF TRUSTEES OF THE DAKOTAS AND WESTERN MINNESOTA ELECTRICAL INDUSTRY HEALTH AND WELFARE FUND** *et al.*

/s/ Jeffrey A. Krol – IL Bar # 6300262
JOHNSON & KROL, LLC
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 757-5465
jeffkrol@johnsonkrol.com

Attorney for Plaintiff